**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4489**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

DARIUS KEYON BENSON,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Donald C. Coggins, Jr., District Judge. (7:18-cr-00036-DCC-1)

———————

Submitted: May 19, 2025                          Decided: May 29, 2025

———————

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Jamie L. Schoen, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2018, Darius Keyon Benson pled guilty, without a written plea agreement, to possession of a firearm and ammunition after convictions for a felony and a misdemeanor crime of domestic violence, in violation of 18 U.S.C. §§ 922(g)(1), (9), 924(a)(2), (e).  The district court sentenced Benson as an armed career criminal and imposed a 180-month term of imprisonment and five years of supervised release.  On direct appeal, we affirmed Benson's conviction and sentence.  *United States v. Benson*, No. 19-4543, 2022 WL 1515538 (4th Cir. May 13, 2022).  The district court subsequently granted Benson's 28 U.S.C. § 2255 motion, finding that Benson no longer qualified as an armed career criminal, and vacated the sentence.

At resentencing, the district court established a Sentencing Guidelines range of 21 to 27 months' imprisonment, sentenced Benson to time served, and imposed two years of supervised release.  On appeal, Benson's counsel has filed a brief to pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning (1) whether Benson's sentence of time served is procedurally and substantively reasonable, and (2) whether the two-year term of supervised release is procedurally and substantively reasonable.  Although notified of his right to do so, Benson has not filed a pro se supplemental brief.  We affirm.

We review a criminal "sentence[]—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."  *Gall v. United States*, 552 U.S. 38, 41 (2007). We "first ensure . . . the district court committed no significant procedural error, such as . . . improperly calculating[] the Guidelines range,

2

. . . failing to consider the [18 U.S.C.] § 3553(a) factors, . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* at 51. If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019); *see also United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (stating that the *Gall* "standard applies when considering a defendant's . . . term of supervised release").

While Benson correctly notes that the district court's imposition of a time-served sentence amounted to an unexplained upward variance from the Guidelines range calculated at the resentencing hearing, any error is harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Ketter*, 908 F.3d 61, 66-67 (4th Cir. 2018). Although the court did not explain the variance, the court expressly recognized that Benson had served a term of incarceration in excess of the top of the new Guidelines range. Considering that fact and the need to provide a period of transition so Benson could reacclimate to society, the court reduced the original five-year term of Benson's supervised release to two years, which is below the statutory maximum, 18 U.S.C. § 3583(b)(2), and within the advisory Guidelines range, U.S. Sentencing Guidelines Manual § 5D1.2(a)(2) (2023). *See Ketter*, 908 F.3d at 67 Additionally, the district court listened and responded to the parties' arguments regarding the appropriate sentence, allowed Benson and his family to address the court, and adequately explained its decision to impose a sentence of time served. The court considered the § 3553(a) factors, including Benson's criminal history, his minor prison disciplinary infractions, and his continued efforts to acquire new skills and improve

3

himself.  We therefore discern no abuse of discretion in the imposition of Benson's term of time served.

Next, Benson argues that the two-year term of supervised release is unreasonable. We disagree.  The Supreme Court has observed that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration" and that "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59 (2000).  Here, the district court properly explained the reasons for imposing supervision following Benson's release, including Benson's criminal history, the length of his incarceration, and the need to provide time for Benson to transition to society.  In addition, the two-year term of supervised release falls within the statutory maximum and the advisory Guidelines range, and Benson has not rebutted the substantive reasonableness afforded his within-Guidelines term of supervised release, *see United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (stating that the *Gall* "standard applies when considering a defendant's . . . term of supervised release").  We therefore discern no abuse in discretion in the court's imposition of two years of supervised release.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal.  We therefore affirm the district court's amended judgment.  This court requires that counsel inform Benson, in writing, of the right to petition the Supreme Court of the United States for further review.  If Benson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's

4

motion must state that a copy thereof was served on Benson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*